JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kari Stankiewicz Berry, et al.

## DEFENDANTS
City of Philadelphia, et al.

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anthony S. Pinnie, Esq., 334 W. Front St., Media, PA 19063
610-892-9200

Attorneys (If Known)
Armando Brigandi, Esq., City of Philadelphia Law Dept., 1515
Arch Street, 14th Floor, Phila., PA 19102   215-683-5381

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 1983
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD
Armando Brigandi, Divisional Deputy City Solicitor

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kari Stankiewicz Berry, Administratrix for | : | Civil Action |
| | : | |
| The Estate of Michael Berry, Deceased, and | : | NO: _____ |
| On behalf of minors Alyvia Berry & Tyler Berry | : | |
| 4713 D. Street | : | |
| Plaintiff | : | *Formerly* |
| | : | Court of Common Pleas |
| v. | : | Civil Trial Division |
| | : | Civil No. |
| City of Philadelphia; | : | PCCP April Term, 2014; No. 1053 |
| Philadelphia Police Department | : | |
| Police Officer James Boone Badge #1525 | : | |
| Police Officer Terry Mulvey Badge #3486 | : | Wrongful Death |
| Police Officer Thomas Bellon Badge #4954 | : | Survivor Action |
| | : | Jury Trial Demanded |

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4713 D. Street, Philadelphia, PA 19120

Address of Defendant: _____ City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 4700 "D" Street, Philadelphia, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).　　Yes ☐　　No ☑

Does this case involve multidistrict litigation possibilities?　　Yes ☐　　No ☑
*RELATED CASE IF ANY:*

Case Number: _____ Judge _____　Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.　Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
　　Yes ☐　　No ☑

2.　Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
　　Yes ☐　　No ☑

3.　Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
　　Yes ☐　　No ☑

CIVIL: (Place   in ONE CATEGORY ONLY)

*A. Federal Question Cases:*

1.　Indemnity Contract, Marine Contract, and All
2.　FELA
3.　Jones Act – Personal Injury
4.　Antitrust
5.　Patent
6.　Labor-Management Relations
7.　X　Civil Rights
8.　Habeas Corpus
9.　Securities Act(s) Cases
10.　Social Security Review Cases
11.　All Other Federal Questions Cases (Please specify)

*B. Diversity Jurisdiction Cases:*

Other  Contracts　1.　Insurance Contract and Other Contracts
2.　Airplane Personal Injury
3.　Assault, Defamation
4.　Marine Personal Injury
5.　Motor Vehicle personal Injury
6.　Other Personal Injury (Please specify)
7.　Products Liability
8.　Products liability - Asbestos
9.　All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Armando Brigandi _____, counsel of record do hereby certify:

　☒　Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

　☐　Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

　☐　Relief other than monetary damages is sought.

DATE: 4-29-14　　　　　Armando Brigandi, Esquire　　　　92208
　　　　　　　　　　　　　Attorney-at-Law　　　　　　　　　Attorney I.D. #

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: 4-29-14　　　　　Armando Brigandi, Esquire　　　　92208　　MAY - 6 2014
　　　　　　　　　　　　　Attorney-at-Law　　　　　　　　　Attorney I.D. #

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kari Stankiewicz Berry, Administratrix for | : | Civil Action |
| | : | |
| The Estate of Michael Berry, Deceased, and | : | NO: _____ |
| On behalf of minors Alyvia Berry & Tyler Berry | : | |
| 4713 D. Street | : | |
| Plaintiff | : | *Formerly* |
| | : | Court of Common Pleas |
| v. | : | Civil Trial Division |
| | : | Civil No. |
| City of Philadelphia; | : | PCCP April Term, 2014; No. 1053 |
| Philadelphia Police Department | : | |
| Police Officer James Boone Badge #1525 | : | Wrongful Death |
| Police Officer Terry Mulvey Badge #3486 | : | Survivor Action |
| Police Officer Thomas Bellon Badge #4954 | : | Jury Trial Demanded |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 4-29-14 | Armando Brigandi, Esq. | City Defendants |
| Date | | Attorney for |
| (215) 683-5381 | (215) 683-5397 | armando.brigandi@phila.gov |
| Telephone | FAX Number | E-mail Address |

(Civ 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kari Stankiewicz Berry, Administratrix for | : | Civil Action |
| | : | |
| The Estate of Michael Berry, Deceased, and | : | NO: _____ |
| On behalf of minors Alyvia Berry & Tyler Berry | : | |
| 4713 D. Street | : | |
| Plaintiff | : | *Formerly* |
| | : | Court of Common Pleas |
| v. | : | Civil Trial Division |
| | : | Civil No. |
| City of Philadelphia; | : | PCCP April Term, 2014; No. 1053 |
| Philadelphia Police Department | : | |
| Police Officer James Boone Badge #1525 | : | **Wrongful Death** |
| Police Officer Terry Mulvey Badge #3486 | : | **Survivor Action** |
| Police Officer Thomas Bellon Badge #4954 | : | **Jury Trial Demanded** |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Police Officer James Boone, Police Officer Terry Mulvey, Police Officer Thomas Bellon, Philadelphia Police Department and City of Philadelphia (hereinafter "petitioners") through their counsel, Armando Brigandi, Divisional Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. In April 2014, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, April Term, 2014; No. 1053. (Exhibit A - Complaint).

2. On April 21, 2014 said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on or about August 27, 2012, she sustained damages when her civil rights were violated by the defendants. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and

seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, Police Officer James Boone, Police Officer Terry Mulvey, Police Officer Thomas Bellon, Philadelphia Police Department and City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig M. Straw
Chief Deputy City Solicitor

**ARMANDO BRIGANDI**
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 92208**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

Date:  4-29-14

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kari Stankiewicz Berry, Administratrix for | : | Civil Action |
| | : | |
| The Estate of Michael Berry, Deceased, and | : | NO: _____ |
| On behalf of minors Alyvia Berry & Tyler Berry | : | |
| 4713 D. Street | : | |
| Plaintiff | : | *Formerly* |
| | : | Court of Common Pleas |
| v. | : | Civil Trial Division |
| | : | Civil No. |
| City of Philadelphia; | : | PCCP April Term, 2014; No. 1053 |
| Philadelphia Police Department | : | |
| Police Officer James Boone Badge #1525 | : | |
| Police Officer Terry Mulvey Badge #3486 | : | Wrongful Death |
| Police Officer Thomas Bellon Badge #4954 | : | Survivor Action |
| | : | Jury Trial Demanded |

## NOTICE OF FILING OF REMOVAL

TO:   Anthony S. Pinnie, Esquire
      334 West Front Street
      Media, PA 19063

PLEASE TAKE NOTICE THAT on April 29, 2014, defendants, Police Officer James Boone, Police Officer Terry Mulvey, Police Officer Thomas Bellon, Philadelphia Police Department and City of Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

ARMANDO BRIGANDI
Divisional Deputy City Solicitor
Attorney I.D. No. 92208
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kari Stankiewicz Berry, Administratrix for | : | Civil Action |
| | : | |
| The Estate of Michael Berry, Deceased, and | : | NO: _____ |
| On behalf of minors Alyvia Berry & Tyler Berry | : | |
| 4713 D. Street | : | |
| Plaintiff | : | *Formerly* |
| | : | Court of Common Pleas |
| v. | : | Civil Trial Division |
| | : | Civil No. |
| City of Philadelphia; | : | PCCP April Term, 2014; No. 1053 |
| Philadelphia Police Department | : | |
| Police Officer James Boone Badge #1525 | : | |
| Police Officer Terry Mulvey Badge #3486 | : | Wrongful Death |
| Police Officer Thomas Bellon Badge #4954 | : | Survivor Action |
| | : | Jury Trial Demanded |

## CERTIFICATE OF SERVICE

I, Armando Brigandi, Divisional Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:    Anthony S. Pinnie, Esquire
       334 West Front Street
       Media, PA 19063


ARMANDO BRIGANDI
**Divisional Deputy City Solicitor**
**Attorney ID No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5381

Date: 4-24-14

Exhibit "A"

**Civil Cover Sheet**

APRIL 2014

E-Filing Number: 1404022008

001053

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KARI STANKIEWICZ BERRY | CITY OF PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 4713 D STREET<br>PHILADELPHIA PA 19120 | 1515 ARCH STREET<br>PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JAMES BOONE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1515 ARCH STREET<br>PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | TERRY MULVEY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1515 ARCH STREET<br>PHILADELPHIA PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY

APR 11 2014

K. EDWARDS

IS CASE SUBJECT TO
COORDINATION ORDER?
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: KARI STANKIEWICZ BERRY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ANTHONY S. PINNIE | PINNIE LAW OFFICES<br>334 W. FRONT ST<br>MEDIA PA 19063 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (610) 892-9200 | (610) 565-5393 |

| SUPREME COURT IDENTIFICATION NO. | |
|---|---|
| 46696 | E-MAIL ADDRESS<br>apinnie@schusterlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ANTHONY PINNIE | Friday, April 11, 2014, 11:50 am |

FINAL COPY (Approved by the Prothonotary Clerk)

COMPLETE LIST OF DEFENDANTS:

1. THOMAS  BELLON
     1515 ARCH STREET
     PHILADELPHIA PA 19102
2. TERRY  MULVEY
     1515 ARCH STREET
     PHILADELPHIA PA 19102
3. JAMES  BOONE
     1515 ARCH STREET
     PHILADELPHIA PA 19102
4. CITY OF PHILADELPHIA
     1515 ARCH STREET
     PHILADELPHIA PA 19102

ANTHONY S. PINNIE, ESQUIRE
I.D. NO. 46696
NANCY L. WRIGHT, ESQUIRE
I.D. NO. 316341
334 West Front Street
Media, PA 19063
(610) 892-9200
apinnie@pinnielaw.com

ATTORNEYS FOR PLAINTIFF

Filed and Attested by
PROTHONOTARY
11 APR 2014 11:50 am
R. EDWARDS

---

Kari Stankiewicz Berry, Administratrix for
The Estate of Michael Berry, Deceased, and
On behalf of minors Alyvia Berry & Tyler Berry
4713 D. Street
Philadelphia, Pennsylvania 19120

                    Plaintiff

      v.

City of Philadelphia;
Philadelphia Police Department;
Police Officer James Boone Badge#1525
Police Officer Terry Mulvey Badge#3486;
Police Officer Thomas Bellon Badge#4954

: COURT OF COMMON PLEAS
: CIVIL TRIAL DIVISION
: CIVIL NO.
:
:
:
:
:
:
:
:
: WRONGFUL DEATH
: SURVIVOR ACTION
: JURY TRIAL DEMANDED
:
:
:

---

## COMPLAINT IN CIVIL ACTION

**Notice**

You have been sued in court. If you wish to defend against the claims forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering an appearance personally or by attorney and filing in writing with the court your defe or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed with out you and a judgment may be entered against you by the court without further notice for any money claimed complaint or for any other claim or relief requested by the Plaintiff You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOU LAWYER AT ONCE. IF YO DO NOT HAVE LAWYER OR CANNOT AFFORD ONE, DO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

ASSOCIATION
LAWYER REFERRAL AND INFORMATION
SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
(215) 238-1701

**Aviso**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion, Hace falta asentar una comparencia escrito en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere due usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE P AGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.PHILADELPHIA BAR ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL ONE READING CENTER FILADELFIA, PENNSYLVANIA 19107 (215) 238-1701

Case ID: 140401053

ANTHONY S. PINNIE, ESQUIRE                    ATTORNEYS FOR PLAINTIFF
I.D. NO. 46696
NANCY L. WRIGHT, ESQUIRE
I.D. NO. 316341
334 West Front Street
Media, PA 19063
(610) 892-9200
apinnie@pinnielaw.com

| | |
|---|---|
| Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased On behalf of minors Alyvia Berry & Tyler Berry 4713 D. Street Philadelphia, Pennsylvania 19120 | : COURT OF COMMON PLEAS : CIVIL TRIAL DIVISION : CIVIL NO. : |
| Plaintiff | : : |
| v. | : |
| City of Philadelphia; Philadelphia Police Department; Police Officer James Boone Badge#1525 Police Officer Terry Mulvey Badge#3486; Police Officer Thomas Bellon Badge#4954 | : WRONGFUL DEATH : SURVIVOR ACTION : JURY TRIAL DEMANDED : : : |

## COMPLAINT

### Jurisdiction and Venue

1.     This action is brought for damages and other appropriate relief under 42 U.S.C.A. § 1983 for violation of Michael Berry's (hereinafter "Berry") federal civil rights by the Defendants, whose actions were taken under color of state law, as well as an action for damages pursuant to appropriate laws of the Commonwealth of Pennsylvania.

2.     This Court has jurisdiction of the subject matter of this action and venue of this action is proper.

3.     This Court has jurisdiction over any and all Berry's state law claims based upon supplemental jurisdiction.

Case ID: 140401053

## Parties

4.      Plaintiff, Kari Stankiewicz Berry, is the Administratrix for The Estate of Michael Berry, deceased.  She resides at 412 Woodcliffe Road, Upper Darby, Pennsylvania.

5.      Berry, deceased, was an adult individual who, for all times relevant to this lawsuit, resided at 4713 D. Street in Philadelphia, County of Philadelphia, Pennsylvania.

6.      For all times relevant to this lawsuit, Defendant, the City of Philadelphia (hereinafter "the City") is a Municipal Entity, and was a city of the first class located in Pennsylvania. within the Commonwealth of Pennsylvania, and was the employer of the above named Police personnel, with an official place of business at 1500 Arch Street in Philadelphia, in the County of Philadelphia, 19106, Pennsylvania.

7.      For all times relevant to this lawsuit, Defendant Police Department, was an agency of the City of Philadelphia, with the responsibility of operating all aspects related to Police law enforcement.

8.      During all times the individual defendant Police Officers James Boone, Terry Mulvey and Thomas Bellon (hereinafter "defendant officers") mentioned in this Complaint, upon information and belief, were and still are, police officers employed by the City of Philadelphia in the 25th District's homicide unit.

9.      Defendant police officers were acting in their official capacity and under color of State law and under the direction of The City, as either agents, and/or employees, within the scope and course of their employment.

10.      During all times mentioned in this Complaint, Defendants were acting under color of law, to wit, under color of the Constitution, statutes, ordinances, laws,

rules, regulations, policies, customs and usages of the Commonwealth of Pennsylvania and/or the City of Philadelphia.

11.    During all times mentioned in this Complaint, Defendants and each of them, separately and in concert, engaged in acts and omissions which constituted deprivation of the Constitutional rights, privileges and immunities of Berry, and while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement and/or officers may appropriately and legally engage in the course of protecting persons and property and/or ensuring civil order, and/or in the course of carrying out their official duties.

12.    Each of the Defendants at all times relevant to this action had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Berry; but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became a party to the injuries inflicted upon Berry which led to his death,  and acted in concert with the other to harm Berry.

## STATEMENT OF FACTS

13.    On or about August 27, 2012, at or around midnight, Berry was at the El Paradisio Bar located at 4700 "D" Street (D and Wyoming Avenue) in the County of Philadelphia. Berry was 39 years old at the time of his death.

14.    At some time prior to the incident that gives rise to this action, it is averred that Berry was hit over the head with a beer bottle by another patron in bar, Marco Tulio

Lopez, a/k/a Tulio, while inside the bar.  The argument carried into the street with a crowd of people witnessing the events.

15.     Defendant officers Boone, Mulvey, and Bellon, responding to a 911 call, came to the scene in a black Ford Crown Victoria. Defendant officers were undercover, and were in an undercover unmarked car. Defendant officers work in "Special Operations".  At no time did the defendant Officers sound any police lights, police siren, or any other audible or visual warning, in order to alert Berry and/or other bystanders.

16.     Thereafter, and without warning, defendant officer Boone exited his vehicle and immediately drew his firearm, while Berry was attempting to retreat into the bar.  Berry was shot 8 times when Defendant Officer Boone unloaded his firearm into the Plaintiff, with multiple bullets entering Plaintiff's back and side. The entire compilation of events has been captured on video tape.

17.     Defendant Officer Boone, as well as the other defendant Officers, were not, at any time, under any immediate threat of harm by the Plaintiff, and all acted willfully and without just cause. Officer Boone has a consistent pattern of resorting to the use of excessive force, and it is averred that Boone has discharged his weapon in the past without proper cause.

18.     Medic #8B arrived on the scene and pronounced Berry dead at 12:25am.

19.     The City of Philadelphia Police Department had been under voluntary scrutiny by the United States Department of Justice for their improper use of excessive and deadly force based an escalating number of events on citizens.

Case ID: 140401053

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 -EXCESSIVE USE OF FORCE

20.    Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased,  repeats, reiterates and re-alleges each and every allegation contained in ¶¶ 1 through 19 of this Complaint with the same force and effect as though fully set forth herein.

21.    The Defendant officers' treatment of Berry was unreasonable and was a direct result of the Philadelphia Police Department's custom, policy, and practice.

22.    As a direct result of Philadelphia Police Department's custom, policy, and practice, committed under color of state law under authority as  Philadelphia police officers, Berry was shot eight times and died at the scene.

23.    The City of Philadelphia had a pattern, practice and procedure to allow the Philadelphia Police Detectives to use unabated deadly force against citizens, such as Plaintiff Berry, and  engaged in practices and procedures that were in violation of a citizens, such as Berry,  constitutional rights and failed to investigate and prosecute officers who violated the constitutional rights of others.

24.    The pattern and practice of the City of Philadelphia and defendant detectives including defendants, Boone, Mulvey and Bellon, has been ongoing and had led to police officers and detectives having the authority to exceed their constitutional rights as authorized by the Pennsylvania State Constitution, the Constitution of the United States and the laws of the Commonwealth of Pennsylvania.  Nevertheless, and

with knowledge that this pattern has continued, defendant, City of Philadelphia, has failed to property train police officers in their duties and responsibilities to avoid this occurring and has failed to discipline police officers when this, in fact, does occur.

25.    For example, the City of Philadelphia Police Department, per Police Chief Charles H. Ramsey, voluntarily requested the United States Department of Justice to review the practices and procedures of the City of Philadelphia Police department as it relates to the use of deadly force.

26.    It is believed that Police in Philadelphia shot 52 suspects in 2013. Of those, 15 people died. In 2011, police wounded or killed 35 people. As a result, Police Chief Ramsey commented to the press "When you have as many as we've had, it gets people wondering if they were all justified,"

27.    The defendant officers' conduct constituted unreasonable, excessive and deadly force, in violation of Berry's rights under the United States Constitution and 42 U.S.C. §1983. Such actions were improper, as Defendant Officers had a duty not to subject Berry to any excessive use of force, and not to deprive Berry of his right to be secure in his person against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

28.    As a direct and proximate result of the Philadelphia Police Department's custom, policy, and practice of Defendant Officers' wrongful actions, which were intentional, willful, reckless, and shocking to the conscience, Berry died and before his death was subjected to great pain, suffering, fear, terror, personal humiliation and degradation.

29.     Each of the Defendant Officers involved in such excessive use of force knew or had reason to know, upon information and belief, that such use of force was excessive, and had a realistic opportunity, upon information and belief, to intervene to prevent such excessive use of force from occurring.

WHEREFORE, Plaintiff, Kari Stankiewicz Berry,  Administratrix for The Estate of Michael Berry, Deceased, demands judgment against all Defendants, jointly and/or severally, for an amount in excess of $50,000.00 for compensatory damages, and further demands Judgment against all Defendants, jointly and/or severally, for Punitive Damages in an amount in excess of $50,000.00, plus allowable attorney's fess pursuant the applicable Statute, costs of this action, and any other such relief, equitable or otherwise, as the Court deems appropriate.

## SECOND CAUSE OF ACTION, 42 U.C.S. §1983; STATE CREATED DANGER

30.     Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased,  repeats, reiterates and re-alleges each and every allegation contained in ¶¶ 1 through 29 of this Complaint with the same force and effect as though fully set forth herein.

31.     At all times relevant hereto, the Individual Police officers as well as the other named Defendant, were acting under color of law, to wit, under color of the Constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the Commonwealth of Pennsylvania and/or the City of Philadelphia, as well as acting within the scope and course of their employment.

Case ID: 140401053

32.     When the Defendant Police Officers came to the scene on the evening of August 27, 2012, at midnight, they exercised their authority, as Philadelphia Police Officers, to confront Berry *who was retreating*, and thus created the danger, that ultimately lead to Berry's death. As a direct and proximate result of the improper actions of the Defendant Police Officers, Berry was shot multiple times by Defendant Boone and killed. Plaintiff's death was foreseeable and a direct result of the actions of the Defendant officers.

33.     At all times relevant, the actions of the Defendant Officers was with complete willful disregards for the rights and safety of Berry, and the Defendants acted in a manner that would  shock the conscience of a reasonable man.

WHEREFORE, Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased, demands judgment against all Defendants, jointly and/or severally, for an amount in excess of $50,000.00 for compensatory damages, and further demands Judgment against all Defendants, jointly and/or severally, for Punitive Damages in an amount in excess of $50,000.00, plus allowable attorney's fees pursuant the applicable Statute, costs of this action, and any other such relief, equitable or otherwise, as the Court deems appropriate.

## THIRD CAUSE OF ACTION, 42 U.C.S. §1983; MUNICIPAL VIOLATIONS

34.     Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased,  repeats, reiterates and re-alleges each and every allegation contained in ¶¶ 1 through 33 of this Complaint with the same force and effect as though fully set forth herein.

Case ID: 140401053

35.     Prior to August 27, 2012, and since that time, defendant City of Philadelphia has permitted and tolerated a pattern and practice of illegal behavior by its Police Officers in the City of Philadelphia  in situations which Defendant City knew to a moral certainty that such officers, including Defendant Officers in the situation complained of herein, would confront. Although such behavior has been improper, the Defendant Officers involved were not seriously prosecuted, disciplined or subjected to restraint or training or supervision.

36.     Defendant City of Philadelphia has permitted and tolerated behavior which is ongoing and had led to Police Officers and Detectives having the authority to exceed their constitutional rights as authorized by the Pennsylvania State Constitution, the Constitution of the United States and the laws of the Commonwealth of Pennsylvania. Nevertheless, and with knowledge that this pattern has continued, defendant, City of Philadelphia, has failed to property train police officers in their duties and responsibilities to avoid this occurring and has failed to discipline police officers when this, in fact, does occur.

37.     In addition to permitting a pattern and practice of illegal behavior, such behavior frequently has resulted in violations of Constitutional and Federal and State statutory rights, and such violations of such rights have been known to Defendant City. Defendant City has failed to maintain a proper system for investigation of all incidents of illegal action by officers.

38.     Proper training and supervision with regard to situations such as the one complained of herein, and the possible choices and actions that officers may take which

would be legal, would make such proper choices easier to make for officers in situations such as the one complained of herein.

39.     Defendant City has failed, however, to conduct such proper training and supervision, but, rather, have allowed a system and a policy and practice that results in illegal conduct by officers such as the illegal conduct complained of herein.

40.     The foregoing acts, omissions, systemic flaws, policies and customs of defendant City has caused officers of defendant City to believe that false arrests and imprisonments, brutality and other improper actions would not be properly investigated and corrected, with the foreseeable result that officers are most likely to act improperly and to use excessive force in situations where such actions and force are neither necessary nor reasonable.

41.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, and customs of Defendant City, the Defendant Officers unjustifiably used excessive force against, and otherwise violated the civil rights of Berry as complained of herein, causing his death.

WHEREFORE, Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased,  demands judgment against all Defendants, jointly and/or severally, for an amount in excess of $50,000.00 for compensatory damages, and further demands Judgment against all Defendants, jointly and/or severally, for Punitive Damages in an amount in excess of $50,000.00, plus allowable attorney's fees pursuant the applicable Statute, costs of this action, and any other such relief, equitable or otherwise, as the Court deems appropriate.

Case ID: 140401053

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

42.      Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased, repeats, reiterates and re-alleges each and every allegation contained in ¶¶ 1 through 41 of this Complaint with the same force and effect as though fully set forth herein.

43.      The Defendants' treatment of Berry was without provocation and unreasonable, and was a direct result of the Police Department's custom, policy, and practice.

44.      Defendants applied excessive force against Berry despite his lack of resistance and/or threatening actions toward Defendants.

45.      As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, and customs of defendant City, the Defendant Officers unjustifiably used excessive force against, and otherwise violated the civil rights of Berry as complained of herein, causing his death, in violation of his Fourth and Fourteenth Amendment rights under the United States Constitution.

WHEREFORE, Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased, demands judgment against all Defendants, jointly and/or severally, for an amount in excess of $50,000.00 for compensatory damages, and further demands Judgment against all Defendants, jointly and/or severally, for Punitive Damages in an amount in excess of $50,000.00, plus allowable attorney's fees pursuant the

Case ID: 140401053

applicable Statute, costs of this action, and any other such relief, equitable or otherwise, as the Court deems appropriate.

## FIFTH CAUSE OF ACTION
## WRONGFUL DEATH

46.     Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased, repeats, reiterates and re-alleges each and every allegation contained in ¶¶ 1 through 45 of this Complaint with the same force and effect as though fully set forth herein.

47.     Plaintiff's Decedent, Michael Berry, left surviving:

       a.     Daughter--Alyvia Berry (DOB: 3/10/08)

       b.     Son--Tyler Berry (DOB: 3/16/09)

48.     Michael Berry died on August 27, 2012.

49.     On July 12, 2012, the Philadelphia County register of wills appointed Kari Stankiewicz Berry as Co-Administrator of the Estate of Michael Berry, deceased.

50.     Plaintiff, Kari Stankiewicz Berry, Administratrix of the Estate of Michael Berry, deceased, brings this action On behalf of decedent's Estate under and by virtue of the Pennsylvania Judiciary Act 42 Pa. C.S. §8301, known as the Wrongful Death Statute.

51.     All persons entitled to share in the Estate are Kari Stankiewicz Berry (Wife), Alyvia Berry (Daughter) and Tyler Berry (son).

52.     The Plaintiffs' Decedent, Michael Berry, was an adult at the time of his

death.  As a result of his death, Plaintiffs, Kari Stankiewicz Berry (Wife), Alyvia Berry (Daughter) and Tyler Berry (son) sustained pecuniary injury and other wrongful death act losses by reason of his death.

53.   Plaintiffs' Decedent, Michael Berry, did not bring any personal injury action during his lifetime against the Defendants named herein.

54.   Plaintiffs claim on behalf of Decedent's survivors all damages recoverable under The Wrongful Death Act, including but not limited to the pecuniary value of support, services, society and comfort that decedent would have provided to them if he had lived, as well as for the reimbursement of medical expenses, funeral expenses and other expenses incurred in connection with his death.

WHEREFORE, Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased, demands judgment against all Defendants, jointly and/or severally, for an amount in excess of $50,000.00 for compensatory damages, and further demands Judgment against all Defendants, jointly and/or severally, for Punitive Damages in an amount in excess of $50,000.00, plus allowable attorney's fees pursuant the applicable Statute, costs of this action, and any other such relief, equitable or otherwise, as the Court deems appropriate.

## SIXTH CAUSE OF ACTION
## SURVIVAL ACTION

55.   Plaintiff, Kari Stankiewicz Berry, Administratrixtrix for The Estate of Michael Berry, Deceased, repeats, reiterates and re-alleges each and every allegation contained in ¶¶ 1 through 54 of this Complaint with the same force and effect as though fully set forth herein.

Case ID: 140401053

56.     Plaintiff brings this action on behalf of decedent's Estate under and by virtue of the Pennsylvania Judiciary Act 42 Pa. C.S. §8302, known as the Survival Statute.

57.     Plaintiff's decedent is survived by the persons listed in Paragraph 51, 52.

58.     Plaintiff's claim on behalf of the Estate for all damages recoverable under the Survival Act, including but not limited to damages for the conscious pain and suffering undergone by decedent as a result of the conduct of Defendants, their real, apparent, and/or ostensible agents, servants, and/or employees, up to and including the time of his death; the net amount of money decedent would have earned between the date of his death and today and the net amount of money Decedent would have earned between today and the end of his life expectancy.

WHEREFORE, Plaintiff, Kari Stankiewicz Berry, Administratrix for The Estate of Michael Berry, Deceased,  demands judgment against all Defendants, jointly and/or severally, for an amount in excess of $50,000.00 for compensatory damages, and further demands Judgment against all Defendants, jointly and/or severally, for Punitive Damages in an amount in excess of $50,000.00, plus allowable attorney's fees pursuant the applicable Statute, costs of this action, and any other such relief, equitable or otherwise, as the Court deems appropriate.

## SEVENTH CAUSE OF ACTION
### VIOLATIONS OF CIVIL RIGHTS UNDER THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA

59.     Paragraphs 1-58 of the Complaint are incorporated herein by reference.

Case ID: 140401053

60.   The Defendants City of Philadelphia, Detectives Boone, Mulvey and Bellon acting jointly and in concert and conspiracy to violate the civil rights of Berry, in violation of Article 1, §§ 1, 7, 8, 9, 13 and 26 of the Constitution of the Commonwealth of Pennsylvania and the laws of the Commonwealth of Pennsylvania.

61.   As a result of these actions, Plaintiff Berry, suffered conscious pain and suffering up to the time of his death and the loss of liberty, property and the pursuit of happiness.

62.   The actions of Defendants were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00) plus such reasonable costs as the court may allow.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims.

RESPECTFULLY SUBMITTED:

ANTHONY S. PINNIE
NANCY L. WRIGHT
Attorneys for Plaintiff
334 West Front Street
Media, PA 19063
610 892 9200

April 4, 2014

Case ID: 140401053

## VERIFICATION

I, **ANTHONY S. PINNIE, ESQUIRE**, being duly sworn according to law, depose and say, that I am the attorney for Plaintiff in the aforementioned matter, and that the facts contained in the foregoing Pleading are true and correct, to the best of my knowledge, information, and belief.

This affirmation is made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

BY:

Date:  April 4, 2014

*/s/Anthony S. Pinnie*
ANTHONY S. PINNIE, ESQUIRE

Case ID: 140401053

## VERIFICATION

The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

DATE: 4-11-14

Kari Berry